410

## OHLER, Plaintiff, v. OHLER, Defendant.

Common Pleas Court, Tuscarawas County.

No. 26511.  Decided March 28, 1945.*

Paul F. Reed, Uhrichsville, for plaintiff.

Bowers, Stafford & Bowers, New Philadelphia, for defendant.

### OPINION

By Lamneck, J.

On June 24, 1943 the defendant was divorced from the plaintiff in this case by order of this Court, and the following order was made relative to the cutody of the minor child of the parties:

"The Defendant, Dorothy Ohler, shall have the care, custody and control of said child for the following three months, and for the next three months, the Plaintiff shall have its custody and control, and so alternate until said child becomes six years of age; that upon its arrival at the age of six years, the Defendant, Dorothy Ohler, shall have the care, custody and control of said child during the school months, and such care, custody and control is awarded to the Plaintiff during holiday vacations and the summer months, unless at that time the parties mutually agree under the conditions then existing, to a reversal or change thereof;"

On November 24, 1944, the plaintiff, through his attorney, filed a motion in this court asking that his mother, Sadie

*Footnote:—No appeal taken.

Ohler, be awarded the custody of said child during the three months' period he was to have custody, for the reason that he is in the armed forces of the United States. On December 5, 1944, the defendant filed a motion in this court asking that the order of custody be modified so as to give her complete custody of said child for the reason that the father of said child is in the armed forces of the United States. Both motions were submitted to the Court at the same time.

There has been considerable contention between the parties in this case over the custody and control of the child of the parties, and the matter was submitted to this Court on several different occasions. At the time the case was heard the Court was in full possession of all the facts and there appears to be no valid reason at this time why the order of the Court fixing the control and custody of this child at this time should be changed.

It seems to be well settled that a parent who has been awarded the custody of a child is not required to continuously reside with the child. Such parent is within his or her rights and duty if he or she provides for it a suitable home and surroundings. Especially is this true where a parent of a child provides a home for the child with the child's grandparents.

In the case of McKissick vs. McKissick, 184 Pac. 272, 93 Or. 644, it was held that the mother to whom decree of divorce awarded custody of child is within her rights and duty in furnishing it with a suitable home and surroundings with her parents, she finding it necessary to take employment elsewhere to support herself.

In the case of Rice v Rive, 283 Pac. 922, 36 Ariz. 190, it was held that a parent who was awarded custody of a child did not lose its custody by leaving the child in the care of its maternal grandparents, it appearing that she paid for its keep.

It was also held in the case of Kirkpatrick v Kirkpatrick 10 Pac (2nd) 1057, 52 Idaho 27, that a mother who temporarily placed her daughter with the daughter's grandmother did not waive her right to custody in a divorce case.

As the Court understands this case, the father of the child kept this child at the home of his parents during the period of time he had the custody of the child. This he had a right to do under the order of the Court. We can see no reason why he should be deprived of this privilege during the time that he is a member of the armed forces of the United States and temporarily absent from his home which he main-

412

tained with his parents prior to his induction into the military service.

For the foregoing reasons the motions to modify the former order of the Court will be denied leaving the original order of the Court in effect.

This means that the father of the child may provide for the child in the home of his parents during the period of time that he is entitled to custody.