LUCAS, APPELLANT, *v.* LUCAS, APPELLEE.*

(No. 262—Decided June 28, 1961.)

*Messrs. Weinberger & Grad*, for appellant.
*Mr. Richard F. Liggett*, for appellee.

*Motion to certify the record overruled, November 22, 1961.

BROWN, J. This is an appeal from a judgment of the Court of Common Pleas of Brown County, denying plaintiff's motion to change custody of a minor child from the defendant to the plaintiff.

The facts are as follows:

On November 30, 1954, plaintiff was granted a divorce from the defendant and awarded custody of Cindy Ann Lucas, the only child of the parties.

On March 6, 1955, plaintiff and defendant entered into a written agreement wherein plaintiff relinquished custody of the child. The parties mutually agreed as follows:

"1. From and after the execution of this agreement, the custody of said minor child of the parties, Cindy Ann Lucas, shall be confided in the said Carl Lucas.

"2. The said Madeline Lucas shall have the right to visit the said child at any reasonable time.

"3. The said Carl Lucas hereby assumes the full maintenance and support of said child from and after the date thereof."

At that time the child was living at the home of defendant's parents at Route 1, Bethel, Ohio, in Brown County, where she has remained until the present time. That was then the home of defendant. Following the signing of the agreement, the plaintiff left Brown County, went on a trip to Texas and California with her father, worked at Cincinnati for several years, and went again to Edwards, California, late in 1958, where she married an Air Force Sergeant, of obvious good character, in February, 1959. Throughout this period, she had visited with and written to the child at intermittent intervals and sent her occasional gifts. Following the marriage, the plaintiff wrote to the paternal grandmother and indicated a desire to have the child returned to her custody in view of her marriage and her ability to provide a home.

Prior to this, in November 1957, defendant moved out of the state to Florida where he has remained and is employed. He contributed to the support of this child and sent her gifts but has not been with her except for occasional visits to the home of his parents. Almost simultaneously with plaintiff's indication of her desire to bring the child to California, the defendant on March 28, 1959, filed a motion in the Common Pleas Court

of Brown County alleging the agreement between the parties as to custody, setting forth that since March 26, 1955, the daughter had lived with defendant's parents, and seeking an award of custody of the child.

On July 30, 1959, following a hearing at which plaintiff was present and with counsel, by entry defendant was awarded permanent custody upon condition that the child would remain with defendant's parents within the jurisdiction of the Common Pleas Court of Brown County. No appeal was taken from this decision of the Common Pleas Court of Brown County.

On June 13, 1960, a new motion to modify the decree and award the custody of the child to the plaintiff was filed by her. No grounds as to change of conditions of the parties were alleged in support of this motion. On August 10, 1960, a hearing was held with all interested parties present.

On November 17, 1960, by entry, the court found the plaintiff had waived in writing her right to custody, and, therefore, the motion was denied. It is from the denial of this second motion to change custody that this appeal is taken. The sole assignment of error is that the judgment is contrary to law and against the weight of the evidence.

Most of the testimony in the rehearing was taken up with a rehash of events occurring between the time following the divorce and the hearing of June 30, 1959, following which the court changed legal custody and granted the same to the defendant.

It related to the agreement, the lives of the plaintiff and defendant during that period, investigation reports of the proposed home and other matters which the court had before it in rendering its decision of June 30, 1959. The only new matters consisted of a supplemental report as to living conditions of plaintiff in California, and statements of plaintiff's husband's position and good record.

The main contention of plaintiff seems to be that, since defendant lives in Florida, custody is in fact in defendant's parents in Ohio.

As was said in *Ohler* v. *Ohler*, 43 Ohio Law Abs., 410:

"It seems to be well settled that a parent who has been awarded the custody of a child is not required to continuously reside with the child. Such parent is within his or her rights

and duty if he or she provides for it a suitable home and surroundings. Especially is this true where a parent of a child provides a home for the child with the child's grandparents."

The discretion vested in the trial court will not be disturbed on review unless there has been a serious error or abuse of discretion. 18 Ohio Jurisprudence (2d), 117, Section 166, and cases cited under note 13.

A reading of the record indicates that the child has been living with the paternal grandparents since March 1955; that an agreement is in effect granting custody by the plaintiff to the defendant of the child; that on June 30, 1959, custody was awarded by the trial court to the defendant upon a hearing upon the matter; and that no substantial new evidence was before the court on the motion appealed from disclosing any change of condition of the parties.

The continuous jurisdiction of courts to modify former orders respecting the custody or support of children made in divorce or alimony hearings is not to be used for the purpose of rehearing the matter therefore submitted and adjudicated. It is to be called into exercise only when a substantial change has taken place in the conditions of the parties, which would call for and require modification of a former order. 18 Ohio Jurisprudence (2d), 111, Section 164; *Dailey* v. *Dailey*, 146 Ohio St., 93.

In *Trickey* v. *Trickey*, 158 Ohio St., 9, the Supreme Court held in the syllabus that in an appeal on questions of law **only** from an order fixing the custody of a minor child the Court of Appeals may not substitute its judgment for that of a trial court as to what order of custody would be for the best interest of the child.

This is what we would be doing in this case if we failed to affirm. The same trial judge presided and deliberated in all three proceedings of this unfortunate failure of youthful marital responsibility. His leniency in permitting introduction of evidence in the hearing of the motion under consideration of matters on which the previous custody award was based amounted almost to a rehearing. Careful consideration of the rights involved has resulted in a status quo situation which these migratory parties originally agreed to themselves, abided by for four years and was finalized by the trial court in 1959 without appeal. The trial court's ruling on the motion is consistent with the re-

sponsibility of the trial court towards its ward. There is no question of the adequacy of the present home nor the support and care of this child. Neither parent has been found unfit and the defendant under the award of June 30, 1959, is presumed a fit parent.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

COLLIER, J., concurs.
RADCLIFF, P. J., not participating.