BRIGHT, APPELLANT, *v.* COLLINS, APPELLEE.

(No. 82AP-251—Decided
August 12, 1982.)

*Mr. Gale R. King, III,* for appellant.
*Mr. Lawrence C. Gaba,* for appellee.

NORRIS, J. This matter is before us on plaintiff's appeal from an order of the Court of Common Pleas of Franklin County, Division of Domestic Relations, Juvenile Branch, overruling her motion to modify a previous order of that court by increasing the child support payments defendant was required to pay by that order.

On August 6, 1976, the trial court found that defendant was the reputed father of plaintiff's son, and ordered him to pay $25 per week as support for the child. On July 30, 1981, plaintiff filed a motion seeking an order increasing the child support order.

The matter came on for hearing before a referee of the trial court on October 2, 1981, at which time evidence was presented indicating that plaintiff's income had increased from $10,944.44 in 1976, to $21,372.26 in 1981, and that defendant's earnings had increased from $8,742.76 in 1976, to $19,400 in 1981. Plaintiff also introduced an exhibit entitled "Monthly Living Expenses" which indicated that the current total monthly expenses for herself and the child were $1,172, of which $664.50 was attributable to the child, and that her current income was inadequate to meet her total expenses.

The referee's report and recommendation, which recommended that the motion be overruled, includes this language:

"* * * to grant an increase in child support, the court must find a substantial change of circumstances in this particular case between 1976 and 1981, and the court agrees that it does not include inflation. The monthly expnesis [sic] therefore, are only relavent [sic] if they are compared to the monthly expensis [sic] in 1976, and there is a substantial change in those expensis [sic]. As they stand alone today, they do not tell the court that there is any change. The court needs a set of expensis [sic] from 1976 also, in order to compare the two, and if the amount of expensis [sic] in 1981 are larger than the amount of inflation, then the court would find a change of circumstances. In this case, the court does not have any evidence before it that there is a cahnge [sic] of circumstances in the expensis [sic]. The other change of circumstances that could be consider [sic] is the change in the salary of either or both parties, and looking at thier [sic] comparative salaries, they are still in line with eachother [sic]. She was making $10,944.00 in 1976 and he $8,000.00 and she now earns $21,000.00 and he $19,000.00, and they are in comparitive [sic] balance with what they were. Therefore, the court does not feel that there has been a showing of a substantial change of circumstances * * *."

Plaintiff filed objections to the report and recommendation and, at a hearing before the trial judge, introduced testimony from a payroll officer for defendant's employer that he estimated defendant's gross income for 1981 would be $20,000, when cost-of-living benefits were taken into consideration. The trial court overruled plaintiff's objections, and adopted the referee's recommendation that the motion be overruled.

Plaintiff raises three assignments of error:

"1. The trial court erred in adopting the Referee's finding that there was not a substantial change of circumstances.

"2. The trial court erred and abused its discretion in overruling the Plaintiff, Rosemary Bright's, motion to modify the order of child support.

"3. The decision of the court below is contrary to the applicable law, and against the manifest weight of the evidence."

The assignments of error are combined for discussion, as they are interrelated.

The continuing jurisdiction of a trial court to modify an existing order for child support is to be exercised only when there has been a substantial change in circumstances since the previous order was entered. *Lucas* v. *Lucas* (1961), 114 Ohio App. 474 [19 O.O.2d 467]; *Fouche* v. *Fouche* (June 29, 1982), Franklin App. No. 82AP-30, unreported. The usual method of showing that a change in circumstances has occurred is by proof of a change in the financial resources of the parents, or of a change in the needs of the child receiving support. It is only logical that modification of an existing order for child support be viewed in the context of whether or not circumstances have changed since the existing order was entered; for if there has been no change in either the needs of the child for support, or in the ability of his parents to pay, then it follows that the original order must stand.

Where modification of an existing child support order is requested, the threshold determination is whether or not the order *can* be modified, and that requires a finding of a change in circumstances. Only if this necessary prerequisite has been satisfied may the trial court move on to a consideration of whether or not the order *should* be modified. This consideration requires a re-examination of the propriety of continuing the existing order in view of the changed circumstances. In essence, it involves a fresh look at the circumstances of the parents and of the child as the trial court finds them at the time of the modification hearing, in the context of the language of R.C. 3109.05(A) which ap-

plies to modification of child support orders as well as to the entry of original orders:

"(A) In a * * * child support proceeding, the court may order either or both parents to support or help support their children * * *. In determining the amount reasonable or necessary for child support, the court shall consider all relevant factors including:

"(1) The financial resources of the child;

"(2) The financial resources and needs of the custodial parent and of the noncustodial parent, when there is only one custodian;

"(3) The standard of living the child would have enjoyed had the marriage continued;

"(4) The physical and emotional condition of the child, and his educational needs;

"(5) The financial resources and needs of both parents, when there are joint custodians;

"(6) The educational needs of the child and the educational opportunities that would have been available to him had the circumstances requiring a court order for his support not arisen."

R.C. 3109.05(A) directs the trial court, when considering an order for parents to support or help support their child, to determine the amount of child support which is reasonable or necessary to support the child. The first concern of the trial court in arriving at the amount required for child support is to determine the needs of the child, and the court's determination of need is to be guided by consideration of all relevant factors, including those listed in the statute. Factors relevant to determining a child's need for support include the amount currently and justifiably being spent for the expenses of rearing the child, the amount necessary to provide the child with the standard of living he would have enjoyed had the parents remained married, any expenses involved in caring for special physical or emotional problems of the child, and the child's educational needs and the cost of providing the educational opportunities that would have been available to the child had the parents' marriage continued. Although the original child support order in this case arose out of a paternity action, we are of the opinion that the factors listed above are still relevant in determining the needs of the child.

The amount of child support arrived at as a result of this consideration of the needs of the child will produce the amount referred to in the statute as "necessary for child support." This determination must then be tempered by ascertaining the amount of child support which is "reasonable," in view of the overall financial picture of the parents and of the child. This will in many cases result in a reduction of the amount which was found to be necessary, and which would otherwise be appropriate, inasmuch as the resources of the parents simply will not stretch far enough to meet the needs of both parents and still satisfy the needs of the child in the standard of living he would have enjoyed had the marriage continued. See *Giardina* v. *Giardina* (June 10, 1982), Franklin App. No. 82AP-108, unreported. In determining what amount is reasonable, the trial court's attention is again directed by R.C. 3109.05(A) to the consideration of all relevant factors, including the financial resources of the child, and the financial resources and needs of the parents.

Then, when the trial court has ascertained the amount "reasonable * * * for child support," it must apportion that amount between the parents in an equitable manner, in order to arrive at the amount of the child support order. *In re Machmer* (1981), 2 Ohio App. 3d 84.

Because a motion to modify an existing child support order must be viewed in the overall context of changed conditions, there are special evidentiary concerns which must be taken into consideration when the trial court is re-examining

the propriety of continuing an existing order, which are not present when an original order is being set for child support.

First, in the absence of evidence to the contrary, the trial court may assume that, in making the original order, it determined the amount of child support which was "reasonable" at the time after having first determined the amount "necessary," pursuant to the considerations noted above. Accordingly, the question before the trial court in a modification proceeding is whether or not circumstances have changed sufficiently to render unreasonable an order which once was reasonable.

Second, in order to warrant an increase in the existing order, there must be a finding, supported by evidence, that the amount necessary for child support is greater than it was at the time of the original order, or there must be evidence to support a finding that a greater amount is reasonable in view of the increased resources of the parents (or at least of the parent obligated to pay a child support order).[1] See *McFadden* v. *McFadden* (July 28, 1981), Franklin App. No. 80AP-626, unreported. However, where the proof of the change in circumstances is that the amount necessary for support has increased, this evidence by itself will not warrant a modification, in the absence of proof of the ability of the parents (or at least of the support order obligor) to pay an increased order — either by evidence that their incomes have increased substantially, or, if that not be the case, that there was more than adequate income to pay the existing order and it is still adequate to pay an increased order. By the same token, if the change in circumstances is that parental income has increased, that evidence, by itself, will not

warrant a modification, in the absence of evidence that the needs of the child will justify an increased order. There either must be proof of the current needs of the child, or that the needs of the child are greater than at the time of the previous order. For example, where the amount necessary for support has not changed, an increase still may be justified if there is a finding, supported by evidence, that at the time the former child support order was entered the amount of child support found necessary was reduced in view of the limited financial resources of the parents, and that their financial resources have increased to the extent that the amount reasonable to support the child may now be increased to more nearly approximate the amount which previously was found necessary. Or, where the amount currently necessary to support the child is proved, whether or not that amount has increased since the former order, an increase may be justified where the income of one or both parents has increased substantially to the point that a larger amount of child support is now reasonable than formerly was the case. And, if the needs of the child have not changed and the amount of the existing order reflects an apportionment which recognized that payment of the entire amount necessary was reasonable, nevertheless, a change in the order may be warranted where the incomes of the parents have increased disproportionately, so that a new equitable division is required of the amount of child support which was, and still is, reasonable.

Third, where the evidence warrants an increase, the amount of any increase ordered may not be the result of an arbitrary selection — it must be supported by the evidence in the sense that it must bear a reasonable relationship to the

---

[1] It should be noted that the same evidence which is sufficient to support a threshold determination that there has been a change in circumstances warranting a re-examination of the earlier order, may also serve to support the findings mentioned here.

changed needs of the child or the increased resources of the parents. See *Cheek.* v. *Cheek* (1982), 2 Ohio App. 3d 86.

The point is, that modification hearings must proceed in the context both of proof of changes in the circumstances which gave rise to the original order, and of the same kind of considerations required of the trial court in arriving at an original order for child support.

Because the referee apparently believed that evidence of inflation would not serve to prove a change in circumstances, it is appropriate that we state our view on that subject. In *Fouche* v. *Fouche, supra,* we utilized this language:

"* * * inflation which results in additional income to the person paying support or in additional costs of raising children by the custodian may be considered in determining the amount reasonable or necessary for child support, as well as whether there has been a substantial change in circumstances * * *. Inflation alone will not serve to result in an automatic increase of child support if the inflationary effect on the person paying the support and the custodian is approximately the same, leaving the parties in substantially the same position as when the support order was originally entered. * * *"

That statement in *Fouche* rules out increases in child support based upon inflation only in those instances where the effect of inflation upon earnings of the parents has been essentially equal. Part of the effect of inflation is an increase in the cost of supporting a child. For example, if both parents are making $10,000 and it is contemplated that they each pay fifty percent of the cost of supporting a child, and that cost is $2,000 per year, the noncustodian would be ordered to pay $1,000 per year. If each parent's income increases by fifty percent to $15,000 and the cost of raising the child also increases by fifty percent to $3,000 per year, it would be appropriate to require an increase in child support from the noncustodian to $1,500

so that the parents who have equal ability to support the child continue to share the expenses on an equal basis, rather than requiring the custodian to absorb all of the inflationary effect of child support although, absent the child, the effect of inflation upon the parents would have been the same.

What we were attempting to point out in *Fouche* was that evidence of the rate of inflation, and of its effect upon the financial resources of the parents and upon the needs of the child, is a factor to be considered within the entire context of proving the existence of the changes in circumstances which are central to modification of an existing support order. Accordingly, evidence of the rate of inflation may prove useful when considered in conjunction with other proof of increased parental resources or additional expenses of rearing children. For example, applying the actual rate of inflation against a parent's increased income will tend to show whether or not his earnings have kept pace with inflation, reflecting upon his ability to pay more child support. Or, the rate of inflation may be helpful in testing the persuasiveness of evidence of increased expenditures which a custodian testifies have been necessary for the support of a child. And, where there is evidence that the effect of inflation upon a modest increase in the earnings of the parents (or at least upon the earnings of the support order obligor) has been to negate any real improvement in their financial positions, or to actually erode the buying power they had at the time the previous order was entered, then, in spite of evidence that (due to the same inflationary pressures) the expenses of raising the child have increased so that more money is now required to satisfy the amount "necessary" for child support, the reality of the facts surrounding the financial picture of the parents may, in a proper case, warrant the trial court in finding that there is no justification in increasing the amount "reasonable" for child support.

Here, the trial court concluded that, because the financial resources of the parents had increased at approximately the same rate, there was no change in circumstances. In this conclusion, the trial court erred: even had the increases been of equal magnitude (a conclusion which is questionable under the evidence), substantial increases in the incomes of both parties constitute a substantial change in the circumstances of the parties which will warrant a re-examination of the propriety of continuing an existing order for child support. Arguably, the referee's logic would have been sound, if applied to a request for an increase in sustenance alimony, since there the needs of the parents only are of concern. But, where the additional factor of a child's needs must be addressed, if those needs have increased, the result of applying the referee's logic would be to shoulder the custodial parent with the entire cost of the increased needs. The referee was correct in her conclusion that no change in circumstances had been established in terms of increased needs of the child.

Because a change in circumstances had been established, the referee should have proceeded to re-examine the entire question of the adequacy of the prior order in the context of ascertaining the amounts both necessary and reasonable for child support, under current conditions, applying the considerations and standards discussed above. Among others, this would have involved a careful examination of the persuasiveness of plaintiff's evidence concerning the current needs of the child.

The assignments of error are sustained, the judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings according to law and consistent with this opinion.

*Judgment reversed and case remanded.*

STRAUSBAUGH and MOYER, JJ., concur.