OPINION
Appellant, Robert R. Arthurs, and appellee, June Arthurs nka Wickheiser, were divorced on March 18, 1980. The parties have one child, Shannon, born May 27, 1977. Shannon has a mental disability. The decree of divorce incorporated their separation agreement which provided appellant to pay $150.00 per month for child support. Said support was to continue until Shannon finished any special classes even if said classes continued beyond her eighteenth birthday. By order filed January 13, 1997, the amount was increased to $354.00 per month. On July 7, 1998, appellee filed a motion to extend child support through the 1998-1999 school year. A hearing before a magistrate was held on August 5, 1998. By decision filed December 4, 1998, the magistrate recommended extending child support for the "school year 1998/1999 and beyond for as long as Shannon remains in Starlight School." On December 17, 1998, appellant filed objections to the magistrate's decision. A hearing was held on January 4, 1999. By judgment entry filed January 25, 2000, the trial court modified the recommendation and ordered appellant to pay child support as long as Shannon "is unable to support herself because of her mental or physical disability, which existed before attaining the age of majority." Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY CHILD SUPPORT FOR AS LONG AS SHANNON ARTHURS IS UNABLE TO SUPPORT HERSELF WHERE THERE WAS NO MOTION BEFORE THE COURT TO MODIFY CHILD SUPPORT PAYMENTS.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY CHILD SUPPORT FOR AS LONG AS SHANNON ARTHURS IS UNABLE TO SUPPORT HERSELF BECAUSE APPELLEE FAILED TO PRODUCE ANY EVIDENCE INDICATING A CHANGE IN CIRCUMSTANCES AS REQUIRED TO MODIFY CHILD SUPPORT OBLIGATIONS.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY CHILD SUPPORT FOR AS LONG AS SHANNON ARTHURS IS UNABLE TO SUPPORT HERSELF WITHOUT A FACTUAL DETERMINATION AS TO WHETHER AND/OR TO WHAT EXTENT SHANNON ARTHURS IS UNABLE TO SUPPORT HERSELF.
 I
Appellant claims the trial court lacked jurisdiction to extend child support for as long as Shannon was unable to support herself because appellee did not request such. We disagree. In Castle v. Castle (1984), 15 Ohio St.3d 279, paragraph two of the syllabus, the Supreme Court of Ohio held the following: The domestic relations court retains jurisdiction over parties in a divorce, dissolution or separation proceeding to continue or to modify support payments for a mentally or physically disabled child, who was so disabled before he or she attained the statutory age of majority, as if the child were still an infant.
The record establishes Shannon's mental disability existed before she attained the age of majority. See, Magistrate's Decision filed September 20, 1996 at Finding of Fact No. 1. Further, in her July 7, 1998 motion, appellee specifically moved to extend child support through the 1998-1999 school year and "for such other relief as the court deems just and equitable." Upon review, we find the trial court did not exceed its jurisdiction. Assignment of Error I is denied.
 II
Appellant claims the trial court abused its discretion in extending child support without any evidence of a change in circumstances. We disagree. As stated in Assignment of Error I, the trial court has continuing jurisdiction to modify the child support sub judice. "The continuing jurisdiction of a trial court to modify an existing order for child support is to be exercised only when there has been a substantial change in circumstances since the previous order was entered." Bright v. Collins (1982),2 Ohio App.3d 421, citing Lucas v. Lucas (1961), 114 Ohio App. 474; R.C. 3113.215(B)(4). In Castle at paragraph one of the syllabus, the Supreme Court of Ohio held the following: The common-law duty imposed on parents to support their minor children may be found by a court of domestic relations having jurisdiction of the matter, to continue beyond the age of majority if the children are unable to support themselves because of mental or physical disabilities which existed before attaining the age of majority.
Based upon this holding, we find a trial court may continue child support for a disabled child as long as it finds "the children are unable to support themselves" and a change in circumstances is found. Because no transcript of the magistrate's hearing was filed for the trial court's review on the objections, we are unable to determine if a change in circumstances was proven. Absent a transcript, we must presume regularity in the proceedings in the trial court and affirm. Knapp v. Edwards Laboratory (1980),61 Ohio St.2d 197. Assignment of Error II is denied.
 III
Appellant claims the trial court abused its discretion in extending child support without any evidence of Shannon's inability to support herself. We agree. In order to continue support beyond the age of majority for a disabled child, a trial court must make a factual determination that the child is disabled and as a result of the disability, is unable to support him/herself. Castle; Ulery v. Ulery (1993), 86 Ohio App.3d 290. Upon review, we find the trial court failed to make such a factual determination and the record as it exists cannot support one. Appellee's July 7, 1998 motion sought to extend child support through the 1998-1999 school year per the terms of the separation agreement. By decision filed December 4, 1998, the magistrate found that although Shannon had attained the age of twenty-one, she could still attend Starlight School and therefore appellant was obligated, pursuant to the separation agreement, to pay child support so "long as Shannon remains in Starlight School." Appellant filed objections and a hearing was held on January 4, 1999. By judgment entry filed January 25, 2000, the trial court modified the magistrate's decision to extend child support as long as Shannon "is unable to support herself because of her mental or physical disability." In so finding, the trial court noted it relied on the magistrate's findings because appellant had failed to file a transcript of the magistrate's hearing for the trial court's review. See, Judgment Entry filed January 25, 2000. Said findings of fact recite the terms of the separation agreement on child support, notes that as of the date of the hearing Shannon was twenty-one years old and Shannon can remain in Starlight through the 1998/1999 school year. A review of the transcript of the objections hearing before the trial court establishes the trial court did not receive any evidence. The trial court only entertained oral argument on the issue of extending child support while Shannon remained in school. No evidence was presented on Shannon's inability to support herself. Assignment of Error III is granted.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed and remanded.
 _______________________ Farmer, J.
By Farmer, P.J. Edwards, J. and Milligan, V.J. concur.