OPINION
Plaintiff-appellant, Terry Morse, appeals a judgment entry from the Butler County Court of Common Pleas, Domestic Relations Division, modifying the child support obligation of defendant-appellee, Craig Morse.
The Morses were married on May 16, 1986, in Fairfield, Ohio. There were three children born as issue of this marriage. On August 12, 1992, the parties were divorced. In the divorce decree, Craig was ordered to pay child support in the amount of $11,908 per year.
In 1999, the Butler County Child Support Enforcement Agency ("CSEA") conducted an administrative review of Craig's child support obligation. As a result of this review, the CSEA found that the amount of the child support order should be decreased to $800.26 per month ($9,603.12 per year).
Appellant requested a judicial mistake of fact hearing in the trial court. A magistrate increased the amount of the child support obligation from the recommendation of the CSEA to $907.81 per month ($10,893.72 per year). The modified amount was the result of recalculating the obligation using the child support worksheet. The magistrate used the parties' current salaries and credited appellant for her child care and tutoring expenses in this recalculation. Appellant filed objections to the magistrate's decision because it decreased her original child support award. The trial judge overruled appellant's objections and affirmed the decision of the magistrate. Appellant appeals, raising one assignment of error:
 THE TRIAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION AND JUDGMENT DATED FEBRUARY 28, 2000.
In her assignment of error, appellant argues that the trial court abused its discretion by failing to deviate from the standard child support computation schedule.
A trial court is authorized to review a CSEA child support revision under R.C. 3113.21, which states in relevant part:
 [I]f the obligor or the obligee requests a court hearing on the revised amount of child support calculated by the agency, the court * * * shall schedule and conduct a hearing to determine if the revised amount of child support is the appropriate amount and if the amount of child support being paid under the child support order otherwise should be revised.
A trial court's decision regarding a child support obligation is reviewed under an abuse of discretion standard. Booth v. Booth (1989),44 Ohio St.3d 142, 144.
There is a rebuttable presumption that the amount of child support calculated using the basic child support schedule and worksheet provided in R.C. 3113.215 is the correct amount of support due. R.C.3113.215(B)(1). R.C. 3113.215(B)(3) provides that a trial court may deviate from the amount of support that otherwise would result from the use of the schedule and the applicable worksheet where an application of the schedule and worksheet would be unjust or inappropriate and not in the best interest of the children. Appellant claims that a deviation from the standard schedule and worksheet was warranted in this case.
Since appellant only generally testified that due to extraordinary medical expenses, the child support she received was insufficient to support the needs of her children, the magistrate followed the standard child support computation schedule in making the award. The magistrate's decision was affirmed by the trial judge. Reviewing the record, we find that the trial court did not abuse its discretion by determining that a deviation from the child support worksheet amount was not necessary.
However, the trial court's child support award was a modification of the original child support obligation. In order to justify the modification of an existing child support order, a moving party must demonstrate "a substantial change of circumstances which `render[s] unreasonable an order which was once reasonable.'" Carson v. Carson
(1989), 62 Ohio App.3d 670, 673, quoting Bright v. Collins (1982),2 Ohio App.3d 421, 425. R.C. 3113.215(B)(4) provides in relevant part:
 If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order, the court shall modify the amount of child support * * * unless the court determines that * * * [it] would be unjust or inappropriate and would not be in the best interest of the child * * *.
Although in this case the trial court's review of the child support obligation was the result of an appeal of CSEA's recommended revision of child support, the trial court was obligated to find a substantial change of circumstances before modifying the order. See Duffy v. Duffy (Nov. 27, 1995), Madison App. No. CA95-06-017, unreported, at 3-5.
R.C. 3113.215(B)(4) also provides that if the support amount as calculated using current guidelines differs from the existing order by at least ten percent, it shall be considered a change of circumstances substantial enough to require modification of a support order. In this case, the trial court's modification of the order constituted a nine percent decrease in Craig's child support obligation.
Reviewing the magistrate's decision and the trial court's decision overruling appellant's objections, we are not certain that a substantial change in circumstances that was not contemplated at the time of the issuance of the original order for child support justified the trial court's modification of the child support obligation. Therefore, the assignment of error is sustained. The judgment is reversed and the case is remanded to the trial court to determine whether or not there has been a substantial change of circumstances warranting a modification in child support.
YOUNG, P.J., concurs.
WALSH, J., dissents.