OPINION
{¶ 1} Defendant-appellant, Joseph H. Moser, appeals the decision and decree of the Warren County Court of Common Pleas, Domestic Relations Division, granting a divorce to plaintiff-appellee, Devon L. Moser. We affirm.
 {¶ 2} The parties were married on December 21, 1995. Two children were born issue of the marriage: Mishka Sae Moser, born April 20, 1997, and Emerik Strock Moser, born May 29, 2001. At one time appellant was actively serving in the U.S. Navy. His military career was cut short, however, because of an internal disciplinary proceeding, the exact nature of which is not apparent from the record on appeal. Appellee is an attorney. She testified that she went to law school during the marriage in order to assist appellant with his continual and various legal battles with the Navy. She is licensed to practice law in Ohio, but currently works for a legal publishing company.
 {¶ 3} On June 14, 2004, appellee filed a complaint for divorce on the grounds of incompatibility. On July 7, 2004, appellant filed an answer and counterclaim, alleging the parties were no longer compatible, and further alleging that appellee was guilty of adultery and gross neglect of duty.
 {¶ 4} Several hearings were held before a magistrate wherein the parties contested the grounds for the divorce, the distribution of marital property and debt, spousal support, and child support. On May 27, 2005, the magistrate issued a decision that included a recommendation for a divorce on the grounds of incompatibility, a distribution of marital property, an allocation of child healthcare expenses, and an order for appellant to pay child support.
 {¶ 5} Both parties filed objections to the magistrate's decision. On July 21, 2005, the trial court entered a decision adopting the recommendations of the magistrate in all respects except the recommendation concerning the allocation of child healthcare expenses. A decree of divorce was entered on September 13, 2005, and this appeal followed, in which appellant raises three assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT APPROVED THE MAGISTRATE'S DECISION THAT WIFE WAS NOT UNDEREMPLOYED BECAUSE THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} As a preliminary matter, we note that appellant argues the trial court's determination on the issue of underemployment was against the weight of the evidence, and he asks us to review the record accordingly. Whether a parent is voluntarily unemployed or underemployed, however, is a question of fact for the trial court that will not be disturbed on appeal absent an abuse of discretion. Rock v. Cabral (1993), 67 Ohio St.3d 108,112; Calkins v. Calkins (May 20, 2002), Butler App. No. CA2001-05-126. Thus, we will review the record to determine whether the trial court abused its discretion. An abuse of discretion connotes more than error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. In determining whether the trial court abused its discretion, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.,66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 9} In computing child support, a trial court must determine the annual income of each of the child's parents. Chapter 3119 of the Revised Code defines "income" as either of the following: "For a parent who is employed to full capacity, the gross income of the parent; [f]or a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent." R.C. 3119.01. Whether a parent is voluntarily underemployed and, if so, the amount of potential income to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. Cabral, syllabus. Further, a parent who claims that his or her spouse or former spouse is underemployed has the burden of proof on that issue. Phyillaierv. Phyillaier, Shelby App. No. 17-98-21, 1999-Ohio-858.
 {¶ 10} In the instant case, the magistrate found that appellant failed to meet his burden of proof. The magistrate's decision states: "Husband contends that Wife is underemployed. Husband presented evidence of Wife's prior billings of $110 per hour and $125 per hour. However, this Court is unable to determine what her actual income would be since Wife is a new attorney and has no history of earnings in a practice. The Court does find, however, that she did work for American Legal Publishers at a salary of $23,500. Therefore, the Court uses this amount as her income at the present time. If Wife's future income increases, Husband can file a motion to modify support in the future."
 {¶ 11} After fully reviewing the record, we find nothing indicating the foregoing findings and conclusions were the result of a court that was functioning in an arbitrary, unconscionable, or unreasonable manner. To the contrary, the findings and conclusions are fully supported by the testimony offered at trial. Appellee testified that at one time she worked part-time for a firm earning various amounts of money, depending on the case and the method of billing. She further testified she has had some clients on her own, but she is currently working full-time for a legal publishing company earning $23,500. Finally, appellee testified that she has made numerous efforts to obtain other full-time employment. Thus, appellant's contention that the trial court erred on the issue of underemployment is not well-taken.
 {¶ 12} The first assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT APPROVED THE MAGISTRATE'S DECISION CONCERNING THE CLAIM OF ADULTERY BECAUSE THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} In his second assignment of error appellant contends the trial court's decision on the issue of adultery was against the weight of the evidence. In addressing this issue, we again begin by noting that weight of the evidence is not the proper standard of review. A trial court has broad discretion to determine the proper grounds for a divorce. Dagostino v.Dagostino, 165 Ohio App.3d 365, 2006-Ohio-723; see, also,Lehman v. Lehman (1991), 72 Ohio App.3d 68, 70-71; Buckles v.Buckles (1988), 46 Ohio App.3d 102. Therefore, we will not reverse the trial court's determination on this question unless we find the court was acting in an arbitrary, unreasonable, or unconscionable manner when rendering its decision.
 {¶ 16} R.C. 3105.01 provides:
 {¶ 17} "The court of common pleas may grant divorces for the following causes:
 {¶ 18} "(A) Either party had a husband or wife living at the time of the marriage from which the divorce is sought;
 {¶ 19} "(B) Willful absence of the adverse party for one year;
 {¶ 20} "(C) Adultery;
 {¶ 21} "(D) Extreme cruelty;
 {¶ 22} "(E) Fraudulent contract;
 {¶ 23} "(F) Any gross neglect of duty;
 {¶ 24} "(G) Habitual drunkenness;
 {¶ 25} "(H) Imprisonment of the adverse party in a state or federal correctional institution at the time of filing the complaint;
 {¶ 26} "(I) Procurement of a divorce outside this state, by a husband or wife, by virtue of which the party who procured it is released from the obligations of the marriage, while those obligations remain binding upon the other party;
 {¶ 27} "(J) On the application of either party, when husband and wife have, without interruption for one year, lived separate and apart without cohabitation;
 {¶ 28} "(K) Incompatibility, unless denied by either party."
 {¶ 29} While appellant did counterclaim with allegations of adultery, he also admitted in his counterclaim that the parties are incompatible. Thus, we cannot say the trial court's decision to grant a divorce on the grounds of incompatibility rather than adultery was unreasonable, arbitrary, or unconscionable. Appellant's second assignment of error is overruled.
 {¶ 30} Assignment of Error No. 3:
 {¶ 31} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT APPROVED THE MAGISTRATE'S DECISION CONCERNING APPELLANT'S NAVAL RETIREMENT BENEFITS BECAUSE THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 32} The trial court found that appellant is entitled to benefits from his retirement plan with the Naval Reserve Retirement Plan, Department of Defense, and from the Public Employees Retirement System ("PERS"). The court awarded appellee one-half of the marital portion of appellant's benefits under the Naval Reserve Retirement Plan and one-half of the marital portion of appellant's benefits under PERS. Appellant contends the trial court's decision to award appellee a portion of his Naval Reserve Retirement Plan is against the weight of the evidence. Specifically, appellant contends that the magistrate failed to properly weigh his testimony that under the Navy Plan a spouse is not entitled to retirement benefits unless the marriage lasts beyond ten years.
 {¶ 33} A review of all the objections to the decision and recommendation of the magistrate filed by appellant reveals that he failed to raise this issue before the trial court. It has long been recognized that the failure of a party to draw the trial court's attention to a possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." Mark v. Mellott Mfg. Co.,Inc., (1995), 106 Ohio App.3d 571, 589. Thus, a reviewing court will not consider issues a party failed to raise in the trial court and will consider those issues waived. Lippy v. SocietyNatl. Bank (1993), 88 Ohio App.3d 33, 40.
 {¶ 34} Appellant listed 13 separate objections to the decision of the magistrate, including an objection to the magistrate's decision to award appellee one-half of the marital portion of his benefits under PERS. He raised no objection, however, to the magistrate's decision regarding the distribution of his benefits under the Navy Plan. Accordingly, appellant has waived the right to raise the issue, and we decline to review it. The third assignment of error is overruled.
 {¶ 35} Additionally, appellee moved for sanctions on the grounds that there were "no triable issues, and no valid legal theories available to appellant, and as such, this appeal could only have been filed to further vexate and humiliate appellee." App.R. 23 allows a court of appeals to require an appellant to pay reasonable expenses of the appellee, including attorney fees and costs, upon a finding that an appeal is frivolous. In reEstate of Hollingsworth (1989), 58 Ohio App.3d 14, 15. "A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." Talbott v. Fountas
(1984), 16 Ohio App.3d 226. We find that the instant appeal presented a reasonable question for review. Thus, we deny appellee's motion for sanctions.
 {¶ 36} Judgment affirmed.
Young and Bressler, JJ., concur.