OPINION
{¶ 1} Plaintiff-appellant, Bridget Groves, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, overruling her objections to a magistrate's decision terminating the child support obligation of defendant-appellee, Toby Groves. For the reasons outlined below, we reverse the decision of the trial court and remand.[1] *Page 2 
 {¶ 2} The parties were granted a final divorce on May 19, 2006. The marriage produced four children, all minors at the time of the divorce. Under the divorce decree, Toby was ordered to pay child support to Bridget in the amount of $478.06 per child per month plus a two percent processing fee, for a total of $1,950.51 per month. At the time of the decree, Toby was the sole owner of Groves Funding, Inc., a mortgage lending business. According to the child support computation worksheet attached to the divorce decree, Toby's annual gross employment income at that time was $331,056. The worksheet attributed an annual gross employment income of $10,712 to Bridget.
 {¶ 3} On December 21, 2007, Toby moved to modify his child support obligation. Following a hearing, the magistrate issued a decision on March 21, 2008 terminating Toby's child support obligation entirely. Bridget timely filed objections. In a decision rendered on May 12, 2008, the trial court affirmed the magistrate's decision. This appeal followed.
 {¶ 4} A trial court's decision on a motion to modify child support will not be reversed absent an abuse of discretion.Foster v. Foster, 150 Ohio App.3d 298, 2002-Ohio-6390, ¶ 9. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In determining whether the trial court abused its discretion, an appellate court may not substitute its judgment for that of the trial court.Pons v. Ohio State Med. Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122. We are mindful of this standard in reviewing Bridget's sole assignment of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN TERMINATING APPELLEE'S CHILD SUPPORT OBLIGATION."
 {¶ 7} In challenging the trial court's termination of Toby's child support obligation, Bridget presents two issues for our review. First, Bridget contends that the trial court erred in *Page 3 
placing the burden on her to prove that Toby was voluntarily unemployed. Rather, Bridget insists, the initial burden was on Toby to establish an objectively reasonable basis for terminating his employment in order to justify a modification of the support order. Second, Bridget asserts that if she does retain the burden to prove Toby's voluntary unemployment, she satisfied this burden because the evidence established that Toby lost his employment due to his own criminal misconduct.
 {¶ 8} An obligor seeking the modification of an existing support order must demonstrate a substantial change of circumstances which renders a prior support order unreasonable. Carson v.Carson (1989), 62 Ohio App.3d 670, 673, quoting Bright v.Collins (1982), 2 Ohio App.3d 421, 425. Voluntary unemployment generally does not constitute a change of circumstances sufficient to warrant the modification of a child support order. Martin v.Custer (Sept. 29, 1993), Darke App. No. 1317, 1993 WL 386249 at *2. This court has previously noted, however, that "a parent who claims that his or her spouse or former spouse is underemployed has the burden of proof on that issue." Moser v. Moser, Warren App. No. CA2005-09-109, 2006-Ohio-5381, ¶ 9.
 {¶ 9} In the present matter, the magistrate's March 21, 2008 decision concluded as a matter of law that "Plaintiff has the burden of proof that Defendant is voluntarily unemployed." In affirming the magistrate's decision, the trial court found that "the parent who claims that his or her spouse is voluntarily unemployed or underemployed has the burden of proof." The allocation of this burden to Bridget, the party claiming that her ex-spouse was voluntarily unemployed, accords with our decision inMoser as well as decisions from numerous other Ohio courts. See, e.g., Trenkamp v. Trenkamp (Dec. 1, 2000), Hamilton App. No. C-000203, 2000 WL 1760504 at *6; Smith v. Smith
(Feb. 10, 2000), Franklin App. Nos. 99AP-453, 99AP-818, 2000 WL 145077 at *6; Phyillaier v.Phyillaier, Shelby App. No. 17-98-21, 1999-Ohio-858, 1999 WL 693157 at *2;Kelly-Doley v. Doley (Mar. 12, 1999), Lake App. No. 96-L-217, *Page 4 1999 WL 262165 at *5.
 {¶ 10} Toby retained the burden to show that a substantial change of circumstances had taken place. Carson,62 Ohio App.3d at 673. In his motion, Toby advanced arguments for two changes in circumstances that had occurred since the institution of the original support order. One change was his loss of employment due to the collapse of Groves Funding. The other change was that Bridget, formerly unemployed, had obtained employment at Cincinnati Insurance Company and was now earning an income.
 {¶ 11} Where a court recalculates the actual annual obligation required pursuant to the schedule and applicable worksheet and the resulting amount is ten percent greater or less than the existing actual annual child support obligation, a substantial change in circumstances exists. Farmer v. Farmer, Medina App. No. 03CA0115-M, 2004-Ohio-4449, ¶ 10. See, also, R.C. 3119.79(A). In conjunction with the decision to terminate Toby's child support obligation, the magistrate completed a new child support computation worksheet. The magistrate inserted $0 in place of Toby's former gross employment income of $331,056. Toby's annual unemployment compensation of $20,332 comprised his sole income on the worksheet. Bridget's annual gross employment income was increased to $38,000 on the new worksheet, and she does not contest this amount on appeal. After the computations were performed, the resulting annual child support amount owed by Toby was well over ten percent less than his existing actual annual child support obligation.
 {¶ 12} The central issue in determining the validity of the above calculations is whether the trial court erred in declining to impute any income to Toby on the basis of voluntary unemployment. Whether a parent is voluntarily unemployed or underemployed is a question of fact to be determined by the trial court based upon the facts and circumstances of each case. Rock v. Cabral (1993),67 Ohio St.3d 108, 112. A trial court's determination on this issue will not be disturbed on appeal absent an abuse of discretion. Id. *Page 5 
 {¶ 13} The magistrate's March 21, 2008 decision listed the following findings of fact that are relevant to our disposition of this issue:
 {¶ 14} "2. Defendant was formerly the sole owner of Grove Funding [sic].
 {¶ 15} "3. Defendant's income on February 23, 2006 the child support worksheet was from his ownership of Grove Funding [sic].
 {¶ 16} "4. Grove Funding [sic] is no longer in existence as a functioning company.
 {¶ 17} "5. Defendant's activities as owner of Grove Funding [sic] have been the subject of a continuing criminal investigation by the federal government.
 {¶ 18} "6. Defendant expects to enter a guilty plea to federal criminal charges and to be sentenced to a term of incarceration.
 {¶ 19} "7. As of the hearing date, Defendant was receiving as his sole income, unemployment compensation in the amount of $391.00 per week, or $20,332.00 annually. (Defendant's Exhibit A)
 {¶ 20} "8. As of the hearing date, Plaintiff was earning an annual income of $38,000.00 from her employment with Cincinnati Insurance Company."
 {¶ 21} The trial court found that insufficient evidence was presented to support a finding that Toby was voluntarily unemployed. At the hearing, Toby invoked his privilege against self-incrimination pursuant to the Fifth Amendment regarding the subjects of his impending plea and his conduct in the administration of Groves Funding. While the burden was on Bridget to show Toby's voluntary unemployment, Toby may not avoid his child support obligation where his own misconduct created his inability to fulfill his child support obligation. As one court observed:
 {¶ 22} "To warrant modification, the change of circumstance generally must not be the result of voluntary actions. * * * A parent cannot, by intentional conduct or mere irresponsibility, seek relief from this duty of support. Defendant, who by his own wrongful *Page 6 
conduct placed himself in a position that he is no longer available for gainful employment, is not entitled to relief from his obligation to support his child. Incarceration was a foreseeable result of his criminal conduct and is thus deemed a voluntary act in and of itself. Furthermore, defendant's guilty plea literally made his incarceration voluntary because the five-year imprisonment was a specific term to which he agreed in his plea." Williams v.Williams (Sept. 24, 1992), Franklin App. No. 92AP-438, 1992 WL 246020 at *1.
 {¶ 23} The fact that Toby invoked the Fifth Amendment on the witness stand at the hearing hindered the court's determination on the voluntary unemployment determination issue. Nonetheless, the magistrate found that Toby's activities as the owner of Groves Funding were the subject of a continuing federal criminal investigation and that Toby expected to plead guilty to federal criminal charges and to be sentenced to a term of imprisonment. The trial court's ratification and affirmation of the magistrate's decision demonstrates the court's agreement with the magistrate's conclusions. Dewsnap v. Dewsnap, Clermont App. No. CA2007-09-094, 2008-Ohio-4433, fn. 2, ¶ b.
 {¶ 24} Based upon the facts of this case, we find that the trial court abused its discretion in entirely eliminating Toby's child support obligation. We agree that Bridget's change in employment income constituted one change in circumstances that warranted consideration in modifying Toby's child support obligation. However, we disagree with the trial court's failure to impute income to Toby where it appears that his own criminal misconduct caused the downfall of his mortgage business and the concomitant loss of his employment. See R.C. 3119.01(C)(5), (11).
 {¶ 25} Bridget's sole assignment of error is sustained.
 {¶ 26} The judgment of the trial court is reversed and this cause is remanded for the trial court to recalculate Toby's child support obligation by imputing income to him due to his voluntary unemployment. *Page 7 
 {¶ 27} Reversed and remanded.
Walsh, P.J., and Powell, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar. *Page 1