[Cite as *Gibson v. Arroyo*, 2017-Ohio-333.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| DEBORAH GIBSON, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2015-12-114 |
| | : | O P I N I O N |
| - vs - | | 1/30/2017 |
| | : | |
| ANTONIO ARTHUR ARROYO, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 93-36142


Deborah Gibson, 5608 Zoar Road, Lot 37, Morrow, Ohio 45152, plaintiff, pro se

Antonio Arthur Arroyo, P.O. Box 861, Trenton, NJ 08625, appellant, pro se

David P. Fornshell, Warren County Prosecuting Attorney, Megan M. Davenport, 520 Justice Drive, Lebanon, Ohio 45036, for Warren County Child Support Enforcement Agency


**PIPER, P.J.**

{¶ 1}   Defendant-appellant, Antonio Arroyo, appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, denying his request to modify his child support obligation.

{¶ 2}   Arroyo has a child with plaintiff-appellee, Deborah Gibson, and was ordered to

pay child support after his parentage was established by the juvenile court in 1994. Arroyo is currently an inmate at a prison in New Jersey serving a 30-year sentence for murder. The record does not indicate when Arroyo's incarceration began, or when he is to be released, though the record indicates that Arroyo was incarcerated at the time his parentage was established.

**{¶ 3}** In 2006, the Child Support Enforcement Agency ("CSEA") conducted an investigation into Arroyo's child support account status. CSEA determined that Arroyo was in arrears, and recommended a payment of $34.60 per month to satisfy the arrearage amount. CSEA also recommended that Arroyo pay $172.99 per month in child support. In total, and taking into account the arrearage amount, the monthly child support order, and a two percent processing charge, the trial court ordered Arroyo to pay $211.74 per month. However, the total arrearage amount was not included in the trial court's order, nor was there any indication at what point the arrearage payment of $34.60 per month would cease.

**{¶ 4}** In 2011, Arroyo's child was emancipated, and the trial court adopted a recommendation from CSEA that Arroyo's child support obligation terminate. However, it appears that Arroyo's arrearage amount had not been satisfied, and he continued to have monthly payments deducted from his prison income. The record indicates that Arroyo's income from his inmate job assignment is $90 per month, $75 of which is deducted to pay his court-ordered arrearage payment. The other $15 of Arroyo's income is made available to Arroyo by the prison as a discretionary spending reserve.

**{¶ 5}** In 2015, Arroyo moved the juvenile court to reduce/suspend his arrearage payment until he is released from prison, claiming he is unable to live on $15 per month. The juvenile court denied Arroyo's motion, finding that reducing/suspending Arroyo's child support obligation until his release would be unjust and not within the best interest of Arroyo's child. Within its entry, the juvenile court noted that Arroyo's monthly payment of $211.74 is an

"arrearage only child support order." Arroyo now appeals, pro se, the juvenile court's decision, raising the following assignment of error.

{¶ 6} THE COURT FAILED TO CONSIDER IF DEFENDANT-APPELLANT ANTONIO ARTHUR ARROYO COULD SURVIVE ON $15.00.

{¶ 7} Arroyo argues in his assignment of error that the juvenile court erred in not granting his motion to decrease or suspend his child support obligation until he is released from prison.

{¶ 8} A trial court's decision on a motion to modify child support will not be reversed absent an abuse of discretion. *Groves v. Groves*, 12th Dist. Clermont No. CA2008-06-059, 2009-Ohio-931, ¶ 4. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} The modification of a child support order is governed by the requirements of R.C. 3119.79. *Banfield v. Banfield*, 12th Dist. Clermont Nos. CA2010-09-066 and CA2010-09-068, 2011-Ohio-3638, ¶ 18. In order to justify the modification of an existing support order, the moving party must demonstrate a substantial change in circumstances that "render[s] unreasonable an order which once was reasonable." *Id.*

{¶ 10} Where the child support calculation involves a parent who is unemployed or underemployed, the trial court must consider the parent's gross income and "potential income." R.C. 3119.01(C)(5)(b). "Potential income" is income the parent would have earned if he or she had been fully employed. R.C. 3119.01(C)(11). In determining the parent's potential income, the court must first determine whether the parent is voluntarily unemployed or underemployed. *Id.* The court then may impute the potential income to the parent in accordance with the factors enumerated in R.C. 3119.01(C)(11)(a). *Justice v. Justice*, 12th Dist. Warren No. CA2006-11-134, 2007-Ohio-5186, ¶ 8.

{¶ 11} R.C. 3119.05(I) addresses the imputation of income for imprisoned parents, and provides,

> (I) Unless it would be unjust or inappropriate and therefore not in the best interests of the child, a court or agency shall not determine a parent to be voluntarily unemployed or underemployed and shall not impute income to that parent if either of the following conditions exist:
>
> * * *
>
> (2) The parent is incarcerated or institutionalized for a period of twelve months or more with no other available assets * * *.

{¶ 11} As such, R.C. 3119.05(I)(2) clearly prohibits trial courts from determining that a parent is voluntarily unemployed and imputing income to that parent if the parent is imprisoned for a period of 12 months or more with no other available assets. However, the statute allows an exception when not imputing income "would be unjust or inappropriate and therefore not in the best interests of the child."

{¶ 12} The record clearly indicates that the juvenile court made a finding that not imputing income to Arroyo for purposes of his child support modification motion would be unjust and not within the best interest of Arroyo's child. The juvenile court determined that not imputing income to Arroyo would reward him for his criminal conduct and would otherwise deprive Arroyo's child of "valuable financial support." The juvenile court further found that it was in the best interest of Arroyo's child that Arroyo pay down his child support arrearage within a reasonable time, rather than wait years until Arroyo is released from prison. While we find no abuse of discretion in the juvenile court's determination that not imputing income to Arroyo would be unjust, we find that the juvenile court's order must be reversed because it is unsupported by the current record.

{¶ 13} As previously stated, the limited amount of facts in the record establish that in 2006, Arroyo was ordered to pay $211.74 per month for arrearages, ongoing child support,

and a processing fee. However, and according to the juvenile court's entry, only $34.60 of that amount was ordered to satisfy Arroyo's arrearages. The other $172.99 and processing fee were specific to Arroyo's ongoing child support obligation. That obligation terminated in 2011 when Arroyo's child was emancipated. Since 2011, there is no indication in the record regarding the amount of arrearages Arroyo still owes. Nor is there any indication that the juvenile court ordered Arroyo to continue payment obligations of $211.74 per month for only the arrearage amount as referenced in the juvenile court's entry denying Arroyo's motion to modify his child support obligation.

{¶ 14} On remand, the juvenile court must determine the proper amount of arrearages owed by Arroyo, as well as a proper payment amount based on Arroyo's current income or income the juvenile court finds appropriate to impute to him. Arroyo's sole assignment of error is therefore, sustained.

{¶ 15} Judgment reversed and the matter is remanded for further proceedings consistent with this opinion.

S. POWELL and RINGLAND, JJ., concur.