[Cite as *Potter v. Potter*, 2014-Ohio-5490.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| CYNTHIA E. POTTER, | : | |
| | | CASE NOS. CA2013-12-222 |
| Plaintiff-Appellee/Cross-Appellant, | : | CA2013-12-232 |
| | : | O P I N I O N |
| - vs - | | 12/15/2014 |
| | : | |
| STEVEN L. POTTER, | : | |
| Defendant-Appellant/Cross-Appellee. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR12-11-1276


The Lampe Law Office, LLC, Vicki L. Richmond, 1248 Nilles Road, Suite 7, Fairfield, Ohio 45014, for appellee/cross-appellant

John D. Smith Co., LPA, John D. Smith, Andrew P. Meier, 140 North Main Street, Suite B, Springboro, Ohio 45066, for appellant/cross-appellee


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Steven L. Potter (Husband), and plaintiff-appellee, Cynthia E. Potter (Wife), each appeal a decision of the Butler County Domestic Relations Court establishing spousal support in their divorce action.

{¶ 2} Husband and Wife were married on April 19, 1980. There were three children born as issue of the marriage, all of whom are now emancipated.

**{¶ 3}** Husband owns an accounting business known as Steven Potter & Company CPAs, Inc. (SPC). In 2011, Husband purchased a tax business from Roger Grein for $200,000, to be paid over a period of five years. The parties stipulated that the value of SPC, after taking into account the debt still owed in purchasing the tax business from Grein, was $264,000. The expert employed to value SPC arrived at this number by utilizing the multiple of revenue method of valuation. Under that method, the expert considered the total revenue of SPC, applied a multiple of one, deducted the debt owed to Grein, and applied a 20 percent marketability discount. The trial court awarded Wife 50 percent of the value of SPC.

**{¶ 4}** Based upon Husband's 2012 tax return, the trial court determined Husband's income for spousal support purposes to be $100,177. The court also imputed $21,000 in income to Wife. The trial court took into consideration the education level of both parties, the length of the parties marriage, their standard of living, Wife's time out of the workplace while raising the parties' children, their ages, earning abilities and health concerns. Based upon those findings, the trial court ordered that Husband pay Wife spousal support in the amount of $3,167 per month for an indefinite period.

**{¶ 5}** In equalizing the distribution of marital property, the trial court ordered that Husband would retain all interest in SPC, Wife would retain the marital residence,[1] Husband would assume all marital debt,[2] and Husband would pay Wife $53,104.49.[3]

**{¶ 6}** On November 12, 2013, the trial court filed its judgment entry and decree of divorce, granting the parties' divorce. Husband timely appeals the trial court's decision,

---

1. The marital residence was valued at $106,382.10.

2. The marital debt was $51,408.92.

3. With interest attaching if payment was not made in full by December 31, 2013. The full payment is to be completed no later than December 31, 2017.

raising a single assignment of error. Wife cross-appeals and raises three assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN CALCULATING SPOUSAL SUPPORT WITH THE SAME STREAM OF INCOME THAT WAS USED IN THE VALUATION OF HUSBAND'S ACCOUNTING BUSINESS, CAUSING HUSBAND TO PAY WIFE TWICE.

{¶ 9} Pursuant to R.C. 3105.18(B), after providing for an equitable division of marital property, a trial court may then determine whether to award spousal support and the amount and duration of such an award. A trial court has broad discretion to determine the proper amount and duration of spousal support based on the facts and circumstances of each case, and a trial court's award of spousal support will not be disturbed absent an abuse of discretion. *Kedanis v. Kedanis*, 12th Dist. Butler No. CA2012-01-015, 2012-Ohio-3533, ¶ 10. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *Miller v. Miller*, 12th Dist. Butler No. CA2001-06-138, 2002-Ohio-3870, ¶ 8. A trial court has a statutory duty to base a spousal support order on a careful and full balancing of the factors in R.C. 3105.18(C)(1). *Kedanis*, 2012-Ohio-3533.

{¶ 10} According to R.C. 3105.18(C)(1),

[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 11} Husband argues that the trial court abused its discretion in awarding Wife 50% of the value of SPC as marital property while also awarding her spousal support based upon the same income stream used to determine the value of SPC. He argues that such a combination amounts to impermissible "double-dipping."

{¶ 12} Husband directs this court to our analysis of the double-dipping argument in

*Corwin v. Corwin*, 12th Dist. Warren Nos. CA2013-01-005 and CA2013-02-012, 2013-Ohio-3996. In that case, this court held that, "[w]hen the trial court treated Husband's share of BCN's expected future profits as both a marital asset subject to division and as income for spousal support purposes, the trial court abused its discretion." *Id.* at ¶ 55. However, in the *Corwin* case, the issue of double-dipping was properly raised and argued before the trial court. Moreover, the *Corwin* case had yet to be decided by this court at the time the trial court issued its decision and order in the present case.

{¶ 13} Here, Husband failed to present the issue of double-dipping until the current appeal. Instead, the trial court accepted the parties' stipulation as to the value of SPC for marital division purposes, as well as Husband's gross income as stated on his 2012 tax returns or spousal support purposes. At no time did Husband raise or focus the issue of double-dipping to the trial court such that Wife could address the argument and the trial court could make a finding on the matter. Were the issue properly raised, Wife may have elected to seek an alternative view on the valuation of SPC as well as a forensic financial investigation into Husband's reported income.

{¶ 14} There is also some question as to whether double-dipping would apply under the present set of facts. The multiple of revenue valuation method used in the present case differs from the capitalization of earnings valuation method utilized in the *Corwin* case. We are unable to find any other Ohio case that analyzes the issue of double-dipping in relation to a multiple of revenue valuation. Moreover, the trial court issued its decision and order prior to the release of this court's decision in *Corwin*. The *Corwin* decision was released between the time of the trial court's decision and order and its judgment entry and decree of divorce. Yet at no time during that intervening period did Husband present the issue to the trial court.

{¶ 15} "It has long been recognized that the failure of a party to draw the trial court's attention to a possible error, by objection or otherwise, when the error could have been

corrected, results in a waiver of the issue for purposes of appeal. 'Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process.' Thus, a reviewing court will not consider issues a party failed to raise in the trial court and will consider those issues waived." (Internal citations omitted.) *Moser v. Moser*, 12th Dist. Warren No. CA2005-09-109, 2006-Ohio-5381, ¶ 33.

{¶ 16} It is an unsettled proposition as to when, and under what circumstances, double-dipping is an issue properly considered by a trial court. We do not find that the trial court abused its discretion by failing to unilaterally raise, analyze and apply a concept that had not previously been discussed in this district or by the Ohio Supreme Court without the parties making an argument that such an analysis was warranted or necessary.

{¶ 17} In light of the foregoing, having found that Husband failed to raise the issue of double-dipping and its applicability to the present case, Husband's sole assignment of error is overruled.

{¶ 18} Cross-Assignment of Error No. 1:

{¶ 19} THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLEE IS VOLUNTARILY UNEMPLOYED AND IMPUTING INCOME TO HER FOR SPOUSAL SUPPORT PURPOSES.

{¶ 20} The decision to impute income for purposes of spousal support is within the discretion of the trial court and shall not be overruled absent an abuse of discretion. *Corwin* at ¶ 63, citing *Havanec v. Havanec*, 10th Dist. Franklin No. 08AP-465, 2008-Ohio-6966, ¶ 23. "Whether a parent is 'voluntarily underemployed' within the meaning of R.C. 3119.01 is a matter to be determined by the trial court based upon the facts and circumstances of each case." *Corwin* at ¶ 73, citing *Rock v. Cabral*, 67 Ohio St.3d 108 (1993), syllabus. The trial court's determination on this issue will not be disturbed on appeal absent an abuse of discretion. *Corwin* at ¶ 73.

**{¶ 21}** The trial court imputed income of $21,000 to Wife. In making its decision to impute that income to Wife, the trial court considered that Wife (1) earned a Bachelor of Science in Chemical Engineering and Bachelor of Science in Packaging in 1979 from Michigan State University, (2) earned a Master of Business Administration in 1983 from the University of Cincinnati, (3) worked at Procter and Gamble and Drackett Company from 1979 to 1988,[4] (4) has experience as a Girl Scout leader, youth group leader and church volunteer, (5) did not work for over 20 years from 1989 to 2010, (6) is 57 years old, (7) was offered part-time, minimum wage employment with TJ Maxx within the past five years, (8) worked seasonally at SPC from 2010 through 2012, earning $15 per hour for an average annual wage of $3,040, (9) has developed proficiencies in numerous computer programs, (10) is in good health, (11) has refused to attend vocational rehabilitation courses or participate in career transition assistance and career counseling, and (12) has struggled to find full-time employment since leaving SPC.

**{¶ 22}** Having reviewed the record, we do not find that the trial court abused its discretion in finding that Wife is capable of finding full-time employment at $10 per hour when she is healthy, highly educated and intelligent.

**{¶ 23}** Accordingly, Wife's first cross-assignment of error is overruled.

**{¶ 24}** Cross-Assignment of Error No. 2:

**{¶ 25}** THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO INCLUDE APPELLANT'S INCOME FROM ALL SOURCES FOR SPOUSAL SUPPORT PURPOSES.

**{¶ 26}** As discussed above, "a trial court's award of spousal support will not be disturbed absent an abuse of discretion." *Huynh v. Le*, 12th Dist. Butler No. CA2012-09-190, 2013-Ohio-2859, ¶ 11.

---

4. Now known as Bristol-Meyers Squibb.

{¶ 27} Wife argues that the trial court erred in calculating Husband's income for spousal support purposes. Wife asserts that Husband's income should be calculated as the combination of Husband's salary and SPC's discretionary earnings, as set forth in the stipulated valuation of SPC.

{¶ 28} The trial court found that although there are some concerns regarding deductions made by SPC, "neither party contracted the services of an expert for the purposes of performing a forensic accounting of Husband's income." The trial court therefore found that "there is not sufficient evidence to demonstrate Husband is actively concealing income." Without sufficient evidence that Husband was actively concealing income, the trial court accepted Husbands 2012 tax return for purposes of determining his income for spousal support.

{¶ 29} In the absence of evidence or expert testimony to the contrary, we do not find that the trial court abused its discretion in calculating Husband's income based upon his 2012 tax return.

{¶ 30} Accordingly, Wife's second cross-assignment of error is overruled.

{¶ 31} Cross-Assignment of Error No. 3:

{¶ 32} THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLEE SHOULD BE RESPONSIBLE FOR THE PAYMENT OF ALL OF HER ATTORNEY FEES ASSOCIATED WITH THE DIVORCE.

{¶ 33} Pursuant to R.C. 3105.73(A), in an action for divorce:

> a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶ 34} It is well-established that an award of attorney fees is within the sound

discretion of the trial court. *Casper v. Casper*, 12th Dist. Warren Nos. CA2012-12-128 and CA2012-12-129, 2013-Ohio-4329, ¶ 62. In turn, a trial court's decision to award attorney fees will be reversed only if it amounts to an abuse of discretion. *Reynolds–Cornett v. Reynolds*, 12th Dist. Butler No. CA2013-09-175, 2014-Ohio-2893, ¶ 28, citing *Foppe v. Foppe*, 12th Dist. Warren No. CA2010-06-056, 2011-Ohio-49, ¶ 34.

{¶ 35} Wife argues that the trial court erred in ordering that she pay her own attorney fees when Husband paid for his attorney fees through a business account that impacts the value of SPC, a marital asset. Husband asserts that there is no evidence that his attorney fees were paid prior to the valuation of SPC, and that Wife has substantial income and assets out of which to pay her attorney fees.

{¶ 36} Wife is being awarded over $3,000 per month in spousal support, and more than $53,000 to reconcile property division pursuant to the divorce decree. In addition, Wife does not direct this court to any evidence on the record indicating that the use of the business account by Husband to pay his attorney fees impacted the valuation of SPC. Thus, we do not find that the trial court abused its discretion in ordering that Husband and Wife pay their own attorney fees.

{¶ 37} Accordingly, Wife's third cross-assignment of error is overruled.

{¶ 38} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.