[Cite as *Gaffney v. Gaffney*, 2020-Ohio-5051.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| SHAUNA GAFFNEY, | : | |
| Appellee, | : | CASE NO. CA2019-10-172 |
| | : | O P I N I O N |
| - vs - | | 10/26/2020 |
| | : | |
| RAYMOND GAFFNEY, | : | |
| Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2018-05-0362


Cook Howard Law, Ltd., Melynda Cook Howard, 1501 First Avenue, Middletown, Ohio 45044, for appellee

Jacqueline M. Handorf-Rugani, 5740 Gateway Boulevard, Suite 202, Mason, Ohio 45040, for appellant


**RINGLAND, J.**

{¶1} Appellant, Raymond Gaffney ("Husband"), appeals from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, following his divorce from appellee, Shauna Gaffney ("Wife"). For the reasons detailed below, we affirm.

{¶2} Husband and Wife were married in 1994 and have two children. Husband

worked for Procter & Gamble and eventually Clorox, where he is presently employed. Husband provides the primary income for the family. Wife completed cosmetology school during the marriage and worked as a hairstylist. However, she now works part-time for UPS. Both parties have health issues. Though their oldest child is emancipated, at the time of the divorce their youngest child was entering eighth grade and has special needs.

{¶3} Following the fourth day of trial, the trial court ordered the parties to submit written closing arguments. In Husband's closing argument and proposed decree, he advocated that the stocks granted during the marriage be equally divided. Husband also advocated that spousal support should be ordered for 84 months and that the calculation be broken into tiers, one based on his base salary, and the second tier based on 25 percent of his bonuses and commissions.

{¶4} The trial court issued a decision on June 28, 2019. Pertinent to this case, the trial court found that the parties had exercised stock options on May 3, 2018 and that Husband retained a total value of $45,328.52. The trial court then ordered that Wife was entitled to an equal division of Stock Option Grants, Incentive Performance Stock Options, and Restricted Stock Units. As to spousal support, the trial court adopted Husband's suggestion of tiered support, albeit at different amounts than he proposed. Accordingly, the trial court ordered Husband to pay Wife $4,500 per month, or $54,000 per year, and 35 percent of any gross bonus, commission, or incentive pay Husband receives from his employer. The trial court ordered spousal support for a term of nine years.

{¶5} On July 24, 2019, Husband filed a motion to correct or review judgment. In his motion, Husband disputed that he retained $45,328.52 from the exercise of stock options. In so doing, Husband provided the trial court with additional filings that showed his actual gain was $17,469.78, not $45,328.52. Husband did not explain why these documents were not provided to the court either during trial. Nevertheless, the trial court

found it equitable to consider the relevant documents. Therefore, the trial court granted, in part, Husband's request and ordered the parties equally divide the gain from exercised stock at the value of $17,469.78.

{¶6} In his motion Husband also raised a new issue with regard to stock ownership and that the calculation of spousal support was a "double dip," "double dip again," and a "triple dip." The trial court found Husband's argument to be "curious, especially considering [his] written closing argument * * * wherein he proposes an equal division of the UBS investment stock plan and he pay Wife a monthly spousal support award plus a percentage of the gross amount of any employment related bonus or commission he receives." Nevertheless, the trial court clarified that spousal support was ordered for "any *future* gross bonus or commission or incentive pay Husband receives from his employer *and during the spousal support term*." (Emphasis sic.)

{¶7} The trial court then entered its final judgment entry, dividing the marital property, establishing the parenting schedule, and entering a final decree of divorce. Husband now appeals, raising one assignment of error for review:

{¶8} THE TRIAL COURT ERRONEOUSLY DOUBLE DIPPED WHEN IT AWARDED WIFE 50% OF HUSBAND'S INCENTIVE STOCK AND 35% OF HUSBAND'S GROSS ANNUAL BONUS AFTER IT ALREADY INCLUDED A THREE-YEAR AVERAGE OF INCOME FROM THE EXERCISE OF HUSBAND'S INCENTIVE STOCK AND A THREE-YEAR AVERAGE OF HUSBAND'S ANNUAL BONUS INCOME IN ARRIVING AT HUSBAND'S GROSS ANNUAL INCOME FOR PURPOSES OF CALCULATING SPOUSAL SUPPORT AND CHILD SUPPORT. THE TRIAL COURT ALSO ERRED WHEN IT FAILED TO INCLUDE THE AWARDS TO WIFE IN HER GROSS ANNUAL INCOME.

{¶9} In his sole assignment of error, Husband argues the trial court erred in its calculation of spousal and child support. Husband's argument is without merit.

{¶10} A trial court has a statutory duty to base a spousal support order on a careful and full balancing of the factors in R.C. 3105.18(C)(1). *Kedanis v. Kedanis*, 12th Dist. Butler No. CA2012-01-015, 2012-Ohio-3533, ¶ 8. According to R.C. 3105.18(C)(1), "the court shall consider" the statutory factors, such as income of the parties, earning abilities of the parties, ages, duration of marriage, standard of living, education of parties, and assets. *McCarty v. McCarty*, 12th Dist. Warren Nos. CA2016-07-055 and CA2016-07-056, 2017-Ohio-5852, ¶ 17. "The trial court need not comment on each factor individually, but rather, 'must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law.'" *Bixler v. Bixler*, 12th Dist. Clermont No. CA2016-12-081, 2017-Ohio-7022, ¶ 17, quoting *Campbell v. Campbell*, 12th Dist. Warren No. CA2009-04-039, 2009-Ohio-6238, ¶ 22.

{¶11} As to child support determinations, trial courts are required to include bonuses as income. *Ornelas v. Ornelas*, 12th Dist. Warren No. CA2011-08-094, 2012-Ohio-4106, ¶ 22. R.C. 3119.01(C)(12) defines "gross income" as the "total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses." Gross income does not include "nonrecurring or unsustainable cash flow items" which are defined as income that a parent receives in any year, not to exceed three years that the parent does not expect to receive on a regular basis. *Id.* at (C)(12) and (C)(13).

{¶12} A trial court has broad discretion in determining spousal and child support obligations, which will not be disturbed absent an abuse of discretion. *Kedanis*, 2012-Ohio-3533 at ¶ 10; *Grilliot-Saddler v. Saddler*, 12th Dist. Warren No. CA2017-09-134, 2018-Ohio-1689, ¶ 14. An abuse of discretion is more than an error of law or judgment. *Hutchinson v. Hutchinson*, 12th Dist. Clermont No. CA2009-03-018, 2010-Ohio-597, ¶ 16. An abuse of discretion connotes that based upon the totality of the circumstances, the trial court's

decision was arbitrary, unreasonable or unconscionable. *Id.*

{¶13} In this case, the trial court awarded Wife spousal support for 9 years on a tiered system. As such, Husband was ordered to pay Wife $4,500 per month, which includes the processing fee. The trial court also ordered Husband to pay Wife 35 percent of "any future gross bonus or commission or incentive pay Husband receives from his employer during the spousal support term, beginning July 1, 2019."

{¶14} On appeal, Husband classifies the trial court's award as a "double dip." This court has defined double dipping as double counting of a marital asset, once in the property division and again in the spousal support award. *Corwin v. Corwin*, 12th Dist. Warren Nos. CA2013-01-005 and CA2013-02-012, 2013-Ohio-3996, ¶ 50. More specifically, a double dip occurs where a court uses a business owner's "excess earnings" to value the interest in the business and also fixes support on that spouse's total income (inclusive of the excess earnings used to value the business). *Id.* "Utilizing the same stream of income that forms the basis of valuing a business when calculating spousal support provides the nonowning spouse with the benefit from the same stream of income twice." *Id.*

{¶15} However, in the *Corwin* case, the issue of double dipping was properly raised and argued before the trial court. Here, Husband failed to present the issue of double dipping until after the trial court issued its June 29, 2019 judgment entry following trial and submission of written closing arguments in the form of a "motion to correct or review judgment." At no time did Husband raise or focus the issue of double dipping to the trial court such that Wife could address the argument and the trial court could make a finding on the matter. *Potter v. Potter*, 12th Dist. Butler Nos. CA2013-12-222 and CA2013-12-232, 2014-Ohio-5490, ¶ 13. Furthermore, we concur with the trial court's assessment that Husband's argument is "curious" because this is the same tiered support arrangement that he proposed in his written closing argument.

{¶16} Moreover, after reviewing the record, we find that the trial court's order did not constitute double dipping. [1] The record here reveals that the trial court divided the stocks and stock options that constituted marital property equally. In calculating spousal support, the trial court adopted a tiered support model, as recommended by Husband. This meant that Tier I support was related to his base salary and Tier 2 support was for 35 percent of any future gross bonus, commission, or incentive pay that Husband receives from his employer. The trial court's final order specified that Husband's Tier 2 support obligation was for "future gross bonus or commission or incentive pay Husband receives from his employer during the spousal support term, beginning July 1, 2019." As we held in *Ghanayem v. Ghanayem*, 12th Dist. Warren Nos. CA2018-12-138 and CA2018-12-142, 2020-Ohio-423, Husband's future bonuses are an appropriate consideration in the calculation of support obligations. *Id.* at ¶ 22, citing *Ornelas*, 2012-Ohio-4106 at ¶ 46 (percentage of bonus allowable in spousal support calculation); former R.C. 3119.01(C)(7) (bonus included in "gross income" in child support calculation).

{¶17} Finally, Husband raises several sub-issues alleging the trial court abused its discretion determining his support obligations. In so doing, Husband again argues that the trial court's decision permitted a "double dip." Husband also claims that the trial court failed to reduce his income and created a grossly inequitable support obligation.

{¶18} First, as noted above, there was no double dip in this case. Second, the "exhibits" Husband cites to in support of his claim were never submitted to the trial court during trial, but instead were attached to his "motion to correct or review judgment" and therefore did not constitute properly admitted evidence. Finally, having independently

---

1. We also note that the case Husband discusses at length in his appellate brief, *Heller v. Heller*, 10th Dist. No. 07AP-871, 2008-Ohio-3296, was overruled in 2015. *Gallo v. Gallo*, 10th Dist. Franklin No. 14AP-179, 2015-Ohio-982, ¶ 32.

reviewed the record, we find the trial court did not err in in the calculation of Husband's support obligations. Husband's sole assignment of error is overruled.

{¶19} In the present case, the trial court found that Husband's gross salary equals $171,125 and he received overtime, bonuses, and commissions in the amount of $58,604.68 in 2018, $34,960.76 in 2017, and $63,723.95 in 2016. Meanwhile, Wife is paid $15.50 per hour for 17 and one-half hours per week. Though the trial court found that Wife was voluntarily underemployed, it found it was inequitable to impute full-time hours to her current wage and therefore imputed an additional 17 and one-half hours at the Ohio minimum wage for an imputed yearly income of $21,855.

{¶20} In addition, the trial court considered the relevant factors in determining Husband's support obligations. The trial court extensively outlined the parties' education, good standard of living, income and earning ability, age, physical condition, retirement benefits of each party, and the division of property at issue in the case. The parties were married for 25 years and have a great disparity of income and earning potential. In determining that Wife should be entitled to a percentage of Husband's bonus pay, instead of assigning a fixed amount, the trial court found that a calculation based upon average past bonus or incentive pay would be too speculative. The trial court ordered that Husband pay Wife 35 percent of future bonus or incentive pay. Finally, the trial court ordered spousal support to continue for a period of nine years, unless a condition of termination occurred. The trial court then entered its child support order in conformance with the adjusted annual gross incomes of the parties.

{¶21} Following review of the record, we find the trial court did not err in its calculation of Husband's support obligations. The trial court provided a detailed analysis of its decision and the record supports that decision. As a result, we find Husband's sole assignment of error is without merit and is hereby overruled.

{¶22} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.